**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**Covington Division**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **Chapter 7** |
| JOHN W. DUNN and | : | Case No. 13-21795 |
| MARIANN G. DUNN, | : | Judge Tracey N. Wise |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| DAVID M. DUREE and | : | |
| DAVID M. DUREE & ASSOCIATES, P.C., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Adversary Nos.** |
| vs: | : | **13-2030 and 13-2034** |
| | : | |
| JOHN W. DUNN and | : | |
| MARIANN G. DUNN, | : | |
| Defendants. | : | |
| _____ | : | |

**MEMORANDUM OPINION**

John W. Dunn and Mariann G. Dunn ("Debtors") filed their chapter 7 petition on October 11, 2013 ("Petition Date"). Adversary proceedings were filed by the Plaintiffs, Attorney David M. Duree and his law firm, David M. Duree & Associates, P.C. ("Plaintiffs" or "Durees") objecting to the Debtors' discharge, pursuant to 11 U.S.C. § 727(a)(4)(A) (Adv. No. 13-2030) ("727 Complaint") and seeking to have certain claims determined nondischargeable under 11 U.S.C. § 523(a)(6) (Adv. No. 13-2034) ("523 Complaint" and together with the 727 Complaint, the "Duree Complaints").

Presently before the Court in these adversary proceedings and in Debtors' main bankruptcy case are (i) Debtors' motion to dismiss the 727 Complaint ("727 Motion") [Adv. No. 13-2030 Doc. 15]; (ii) Debtors' motion to dismiss the 523 Complaint ("523 Motion" and together with the 727 Motion, the "Debtors' Motions to Dismiss") [Adv. No. 13-2034 Doc. 31]; (iii) Durees' motion for

relief from stay ("Motion for Relief") [Bk. Doc. 13] filed in the main case; and (iv) Durees' motion to compel Debtors to appear for depositions ("Motion to Compel") [Adv. No. 13-2034 Doc. 24] filed with respect to the 523 Complaint.   All of the motions are interrelated.   A hearing was held on February 11, 2014 ("Hearing").

The Court has jurisdiction over these matters pursuant to 11 U.S.C. § 1334 and these are core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), (I) and (J).   In making the decisions discussed below, the Court considered the arguments of counsel, the various pleadings, motions, responses, briefs, applicable law and the record in these adversary proceedings and the Debtors' chapter 7 bankruptcy case.

## MOTION TO DISMISS STANDARD

The Debtors' Motions to Dismiss assert that the Duree Complaints fail to state a claim upon which relief can be granted and accordingly, the complaints should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b).[1]

Civil Rule 8(a)(2), made applicable in adversary proceedings pursuant to Bankruptcy Rule 7008(a), requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   In analyzing the pleading requirements of Civil Rule 8(a)(2) in connection with a Civil Rule 12(b)(6) motion to dismiss, the Supreme Court has stated, "[t]o survive a [Civil Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'

---

[1] Hereinafter references to the Federal Rules of Civil Procedure will appear as "Civil Rule ___" and reference to the Federal Rules of Bankruptcy Procedure will appear as "Bankruptcy Rule ____."

2

Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In defining the "plausibility" standard, the Supreme Court stated,

> A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . .
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 678-79 (citations omitted) (internal quotations marks omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

A discussion of the history between the Debtors and Durees is necessary for an understanding of the interplay between, and a complete analysis of, the various motions before the Court.

**PREPETITION LITIGATION**

**2008 Franchise Litigation**

On June 19, 2008, David Duree, as lead counsel, filed a complaint ("Noble Roman's Action") against Noble Roman's, Inc., a pizza franchisor, on behalf of thirty-four Noble Roman's franchisees, including the Debtors, in Hamilton County, Indiana Superior Court ("State Court"). The Noble Roman's Action asserted common law fraud violations against Noble Roman's on behalf of all of the franchisees. On March 30, 2009, the State Court presiding over the Noble Roman's Action revoked David Duree's *pro hac vice* admission to practice before it. The reason

3

for the court's action is not in the record. Substitute counsel, Adam Davis ("Davis"), was retained to represent the Debtors and other plaintiffs in the Noble Roman's Action.

In August 2009, the defendants in the Noble Roman's Action filed a motion for partial summary judgment which was eventually granted on December 23, 2010, as to some plaintiffs, including the Debtors. The Debtors and other plaintiffs filed various unsuccessful post-judgment motions and unsuccessfully appealed the grant of summary judgment. While the Durees assert that portions of the Noble Roman's Action were still pending on the Petition Date, they do not identify which portions or the parties affected. The Debtors' Statement of Financial Affairs reflects that as of the Petition Date the lawsuit had been settled, but no information is provided as to the date or terms of settlement relevant to the Debtors.

**2010 Malpractice Litigation**

In May 2010, Davis, on behalf of the Debtors and other plaintiffs, filed a malpractice action ("Malpractice Action") in the State Court against the Durees based on Attorney David Duree's representation of the Debtors and other plaintiffs in the Noble Roman's Action. The Durees filed a counterclaim seeking $19,251.60 in out-of-pocket expenses.

On October 15, 2012, the Durees filed a motion to dismiss ("Malpractice Dismissal Motion") the Malpractice Action as a contempt sanction for the Debtors' failure to comply with discovery orders entered in that proceeding. The Malpractice Action was pending on the Petition Date and is still pending.

**POST-PETITION PROCEEDINGS**

**727 Complaint**

In their original petition, Debtors failed to schedule the Durees as creditors with respect to the counterclaim and failed to schedule the Malpractice Action as an asset of their estate. Asserting that the Debtors were aware of the Malpractice Action and knowingly and fraudulently

4

failed to disclose the action as an asset of their bankruptcy estate, the Plaintiffs filed the 727 Complaint requesting that the Court deny the Debtors' discharge under § 727(a)(4)(A). The 727 Complaint alleges that the Debtors' actions in filing responsive pleadings in the Malpractice Action, including an affidavit executed by Mr. Dunn eleven days after the bankruptcy petition was filed, support their allegations that the Debtors had knowledge of the Malpractice Action. Immediately after the 727 Complaint was filed, the Debtors filed amended schedules and an amended Statement of Financial Affairs addressing the omissions. Debtors stated the value of the Malpractice Action as "unknown." At the Hearing, the Debtors' chapter 7 trustee was given an opportunity to determine whether to substitute herself as a plaintiff in the Malpractice Action or to abandon the action. The trustee filed a notice of abandonment and a report of no distribution in the main case.

**523 Complaint**

In their second adversary proceeding, the Durees assert a claim against the Debtors on the theory that filing the Malpractice Action constituted a malicious prosecution and/or abuse of process. The Durees further assert that their claim is nondischargeable under § 523(a)(6) because it constitutes a willful and malicious injury caused by the Dunns. The 523 Complaint stands in an unusual posture in that the Durees do not allege liability or damages but contemplate filing a malicious prosecution and/or abuse of process action in a state court "when and if the claims in the attorney malpractice lawsuit are determined in favor of the Durees." 523 Complaint ¶ 120. According to the Durees, an essential element of a successful malicious prosecution action under applicable Indiana law, is that the underlying prosecution, here the Malpractice Action, must be terminated in favor of the Durees. As noted above, this has not occurred. The Motion for Relief which is also pending before this Court, seeks permission for the Durees to return to the State Court to continue to prosecute the Malpractice Dismissal Motion with a view that dismissal of the

5

Malpractice Action will somehow buttress their complaint of nondischargeability. Essentially, the Durees seek a determination of nondischargeability for damages that might be awarded to them in a future lawsuit based on allegations of malicious prosecution and/or abuse of process stemming from the filing of the Malpractice Action.

## LAW AND ANALYSIS

### Dismissal of the 727 Complaint

11 U.S.C. § 727(a)(4) provides that "The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."

> In order to deny a debtor discharge under [section 727(a)(4)(A)], a plaintiff must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case. Whether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact.
>
> . . . The subject of a false oath is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.

*Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) (citations omitted) (internal quotation marks omitted). To survive a motion to dismiss the 727 Complaint, the Durees must have pled factual content as to each of the above elements. In the 727 Motion, the Debtors assert that their failure to schedule the Malpractice Action was not intentional and that the Malpractice Action is not material to their bankruptcy case. However, under the motion to dismiss standard, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

The allegations that the Dunns filed pleadings, and particularly that Mr. Dunn executed an affidavit to be filed in the Malpractice Action, eleven days after the bankruptcy petition was filed sufficiently allege the Dunns' knowledge of the Malpractice Action. Further, fraudulent intent

6

may be inferred from a course of conduct. *Dermott v. Rule (In re Rule)*, Ch. 7 Case No. 09-52311, Adv. No. 10-5020, 2011 WL 841505, at *9 (Bankr. E.D. Ky. Mar. 7, 2011) (citing *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999)).

The Debtors' arguments as to the materiality of the Malpractice Action are based solely on the pecuniary value of that action.

> The threshold of materiality is fairly low. A matter is "material" if it concerns the discovery of assets or the existence and disposition of estate property. The omitted or misstated value of assets is relevant to materiality, but materiality will not turn on value. The failure to disclose an asset of relatively modest value, or a false recitation as to it, can still be considered "material," as long as the asset became property of the bankruptcy estate by operation of 11 U.S.C. § 541(a).

*Bear Rock Franchise Sys., Inc. v. Hedlund (In re Hedlund)*, Ch 7 Case No. 09-40415-TLS, Adv. No. 09-4043-TLS, 2010 WL 2306672, at *3 (Bankr. D. Neb. June 7, 2010) (citations omitted) (internal quotation marks omitted). The Durees have pled sufficient allegations from which the Court can reasonably infer that the Malpractice Action is "material" as that term is discussed above.

The factual allegations of the 727 Complaint are "'skimpy' at best." *First Assembly of God v. Ping (In re Ping)*, Ch. 7 Case No. 13-50387, Adv. No. 13-2119, 2014 WL 988491, at *2 (Bankr. S.D. Ohio Mar. 6, 2014). However, they are sufficient to state a claim for relief under § 727(a)(4) that is plausible on its face. The 727 Motion [Adv. No. 13-2030 Doc. 15] will be DENIED.

**Dismissal of the 523 Complaint**

Section 523(a)(6) of the Bankruptcy Code provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt— . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

7

To survive a motion to dismiss the 523 Complaint, the Durees must have pled sufficient factual content to allow this Court to draw a reasonable inference that (a) the Durees sustained an injury; (b) the injury was caused by the Debtors; and (c) the injury was willful *and* malicious. 11 U.S.C. § 523(a)(6). The statute requires an "injury that is both willful and malicious. The absence of one creates a dischargeable debt." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999).

In *Wiczkowski v. Howes (In re Howes)*, 246 B.R. 280 (Bankr. W.D. Ky. 2000) (Roberts, J.), the plaintiff, Dr. Wiczkowski, filed an adversary proceeding under § 523(a)(6) against the debtor, Mr. Howes. Prior to filing his bankruptcy petition Mr. Howes, an attorney, filed on behalf of clients a medical malpractice action against Dr. Wiczkowski. The malpractice action was voluntarily dismissed the morning the trial was to begin. Subsequently, Dr. Wiczkowski filed a state court action against Mr. Howes for abuse of process and malicious prosecution. Similar to the situation now before this Court, Dr. Wiczkowski's adversary proceeding sought a determination that her claims against Mr. Howes were nondischargeable. Also similarly, Dr. Wiczkowski did not want to litigate Mr. Howes' liability for the alleged abuse of process or malicious prosecution or the amount of her damages in the bankruptcy court. Although *Wiczkowski* was before the court on summary judgment, Judge Roberts' analysis of the specific issues before the bankruptcy court is instructive:

> While there is some overlap of the elements necessary to support these claims [malicious prosecution and abuse of process] with the elements necessary to support Wickowski's [*sic*] § 523(a)(6) nondischargeability cause of action, the elements are not identical. Nor have the elements of the three[2] State Court claims even been judicially determined or established. The focus of *this Court* is § 523(a)(6), and the elements necessary to support Wiczkowski's nondischargeability claim under that section. The purpose of *this* adversary proceeding is to determine whether Wiczkowski has claims that are nondischargeable. Thus, in this Court, Wiczkowski must prove that Debtor caused her a "willful and malicious

---

[2] Dr. Wiczkowski's complaint included a third claim for intentional infliction of emotional distress.

8

>  injury;" i.e., that Debtor intended to injure her or engaged in an intentional act from which he believed injury would be substantially certain to result.

*In re Howes*, 246 B.R. at 288 (citations omitted).   Likewise, the focus of *this Court* is on § 523(a)(6), and under the motion to dismiss standard, *this* Court must determine whether the 523 Complaint contains sufficient factual matter as to each element necessary to state a claim to relief under § 523(a)(6) that is plausible on its face.   The Court finds that it does not.

For an injury to be "willful," the debtor must have intended to cause the injury not merely a deliberate or intentional act that led to the injury.   *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). An injury is willful if the debtor "desire[s] the consequences of his or her conduct or, at least subjectively believe[s] that the injurious consequences are substantially certain to result from the conduct."   4 COLLIER ON BANKRUPTCY ¶ 523.12[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also In re Markowitz*, 190 F.3d at 465 n.10 (debtor "must will or desire harm, or believe injury is substantially certain to occur as a result of his behavior").

The Durees' allegations are essentially that the filing of the Malpractice Action itself is the injury.   The Dunns admit that the Malpractice Action was filed intentionally.   However, under *Geiger*, an intentional act, *i.e.*, the filing of the Malpractice Action, that leads to an injury is insufficient to state a claim under § 523(a)(6).   Here, the 523 Complaint is totally devoid of any other allegations that the Debtors intended, or that the Durees suffered, an injury.   For instance, there are no allegations that the filing of the Malpractice Action was intended to, or resulted in a loss of clients, loss of income, embarrassment, emotional distress, or any other injury that was substantially certain to occur.   The Court cannot determine the willfulness of an injury where none is alleged.

The failure to allege an injury is sufficient alone for this Court to determine that the 523 Complaint should be dismissed pursuant to Civil Rule 12(b)(6).   However, the complaint also falls short as to allegations of malice.   The Durees rely on Civil Rule 9(b), which provides that

9

malice, intent, knowledge and other conditions of a person's mind may be alleged generally. While this statement is accurate, a complaint must at least meet the requirements of Civil Rule 8(a)(2) as analyzed by the Supreme Court. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted) (internal quotation marks omitted).

"A person has acted 'maliciously' when that person acts in conscious disregard of his duties and without just cause or excuse." *HER, Inc. v. Barlow (In re Barlow)*, 478 B.R. 320, 330 (Bankr. S.D. Ohio 2012), *aff'd,* 501 B.R. 685 (B.A.P. 6th Cir. 2013) (citations omitted) (internal quotation marks omitted). "Malicious" does not require ill-will or specific intent. *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 304 (B.A.P. 6th Cir. 2004); *In re Barlow*, 478 B.R. at 330. "Stated differently, '[t]here must also be a consciousness of wrongdoing. . . . It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6).'" *Kraus Anderson Capital, Inc. v. Bradley (In re Bradley)*, No. 13-8010, 2014 WL 1229777, at *9 (B.A.P. 6th Cir. Mar. 26, 2014) (quoting *Auto Fin. Corp. v. Leonard (In re Leonard)*, Ch. 7 Case No. 11-52028, Adv. No. 11-5073, 2012 WL 1565120, at *11 (Bankr. E.D. Tenn. May 2, 2012)).

The 523 Complaint asserts that the Dunns acted in concert with multiple other plaintiffs, pursuant to a common scheme and design, when they filed the Malpractice Action without probable cause or justification. In an attempt to support these conclusions, the Durees discuss in detail their defenses to the Malpractice Action and their belief that the State Court will grant their pending motion to dismiss the Malpractice Action as a sanction as to the Dunns because of the Dunns' failure to comply with discovery orders. The Durees further allege that the Malpractice Action was filed and prosecution continued (i) for the ulterior purpose of using the Durees as

10

scapegoats in the event the Noble Roman's Action was not successful, and (ii) for the ulterior purpose of collecting funds for other plaintiffs who are funding the prosecution of the Malpractice Action.

The mere fact that the Durees have defenses to the Malpractice Action does not allow this Court to draw a reasonable inference that the Dunns (and other plaintiffs) lacked probable cause or justification to file the Malpractice Action or that the Debtors filed the Malpractice Action with knowledge it was wrongful. Further, the possibility that the Dunns' Malpractice Action might be dismissed as a sanction for failure to comply with discovery orders, does not allow this Court to draw a reasonable inference that the Dunns lacked probable cause or justification to file or continue prosecution of the action. It is just as reasonable to infer that the Dunns lack sufficient funds to pay legal fees to respond to discovery requests to continue to prosecute the Malpractice Action. This inference is supported by the allegations in the 523 Complaint that other plaintiffs have been funding the prosecution of the Malpractice Action. A "recitation solely of facts that are indicative of misconduct are insufficient to state a facially plausible claim, if they are equally consistent with lawful behavior." *In re Ping*, 2014 WL 988491, at *2 (citing *Twombly*, 550 U.S. at 554, 557). Finally, the allegations that the Dunns and other plaintiffs had ulterior motives in filing the Malpractice Action are no more than naked assertions devoid of further factual enhancement. *Twombly*, 550 U.S. at 557.

The allegations in the 523 Complaint allow this Court to infer no more than the mere possibility of misconduct. As such, the 523 Complaint fails to allege sufficient facts to state a plausible claim under § 523(a)(6) and the 523 Motion [Adv. No. 13-2034 Doc. 31] will be GRANTED.

In light of the dismissal of the 523 Complaint, the Motion to Compel [Adv. No. 13-2034 Doc. 24] relating to that adversary proceeding will be DENIED as MOOT.

**Motion for Relief**

Durees' Motion for Relief seeks permission to continue prosecuting the Malpractice Dismissal Motion filed in the Malpractice Action. The Malpractice Dismissal Motion was pending at the Petition Date. As noted earlier, the Durees seek dismissal of the Malpractice Action as a contempt sanction for Debtors' alleged failure to comply with discovery orders issued by the State Court in the Malpractice Action.[3]

The Debtors originally objected to the Motion for Relief on the basis that the 341 meeting had not been held and the chapter 7 trustee needed time to determine the merits of the Malpractice Action and whether it was of any benefit to the bankruptcy estate. Subsequent to the Hearing, the trustee filed her notice of abandonment of the Malpractice Action. Once that abandonment is effective, *see* 11 U.S.C. § 554, the Debtors may pursue (or not) the Malpractice Action in their sole discretion. "Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed." 5 COLLIER ON BANKRUPTCY ¶ 554.02[3] (citing *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410 (1992), *superseded by statute on other grounds*). If the Malpractice Action is pursued by Debtors, Durees are free to defend same without further permission of this Court, including pursuit of their contempt sanctions. "[T]his Court will not oversee the conduct of litigation in other courts." *In re Campbell*, No. 10-22561, 2014 WL 32161, at *7 (Bankr. E.D. Ky. Jan. 6, 2014) (citing *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1307-1308 (10th Cir. 2008)). However, absent Debtors' prosecution of the Malpractice Action, any attempt to pursue contempt sanctions premised on Debtors' prepetition conduct should not be authorized. This is because, under the facts of this case, pursuing the contempt sanction of dismissal is tantamount to continuing litigation against the Debtors to collect a prepetition debt. Specifically, Durees' attempt to dismiss the Malpractice

---

[3] At the Hearing the Durees, through David Duree, clarified that they are not seeking stay relief to pursue their counterclaim against the Debtors for the out-of-pocket expenses ($19,251.60).

Action in the State Court is solely to establish a predicate element of Durees' alleged malicious prosecution claim, which claim the Court has barred with the dismissal of the 523 Complaint herein.  The motion to modify the stay [Bk. Doc. 13] for this purpose will be DENIED.  Of course, in the event the Court denies the Debtors a discharge in the § 727 action (Adv. No. 13-2030), the Durees would be free to pursue all of their alleged pre- and post-petition claims against the Debtors.

## CONCLUSION

Orders in conformity herewith shall be entered and the Clerk is directed to file this Memorandum Opinion in each of the above-captioned adversary proceedings and Debtors' main bankruptcy case.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, April 22, 2014
(tnw)